UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Ward Norman,          )<br>                             )<br>         Petitioner,    )<br>                             )<br> v.                          )<br>                             )<br> Warden John R. Owens,       )<br>                             )<br>                             )<br>         Respondent.    )<br>                             )<br>                             )<br>                             ) | C/A No.  5:12-cv-01158-RBH-KDW<br><br><br>REPORT AND RECOMMENDATION |

On May 1, 2012, Petitioner, Jason Ward Norman ("Petitioner" or "Norman"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion to Dismiss filed on February 27, 2013. ECF No. 24. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Petitioner, on February 28, 2013, of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 25. On April 4, 2013, Petitioner filed a response in opposition to Respondent's motion. ECF No. 28. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 24, be granted.

  I.    Factual and Procedural Background

Petitioner is presently confined in Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. ECF No. 1. On September 10, 2008, Petitioner

1

entered a guilty plea to one count of conspiring to possess with intent to distribute five (5) kilograms or more of powder cocaine and fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and one count of possessing a quantity of cocaine base with intent to distribute that substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 24 at 1-2. On February 9, 2009, Petitioner was sentenced to two concurrent terms of 168 months of imprisonment by the United States District Court for the Western District of North Carolina. *Id.* at 4. Petitioner filed an appeal of his sentence on August 2, 2010. ECF No. 1 at 2. The following issues were raised in his appeal: quantity of drugs in pre-sentence report (PSR), unreasonable sentence, and error in calculating guideline range. *Id.* Petitioner's appeal was denied on September 16, 2010. *Id.* Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on January 6, 2011. ECF No. 24-1 at 5. The following issues were raised in his motion: quantities of drugs in PSR, objection in PSR, and ineffective counsel. ECF No. 1 at 4. Petitioner's motion was denied and dismissed on April 27, 2011. *Id.*

II.     Discussion

A.  Federal Habeas Issues

Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 1, 2012, and raises the following issue, quoted verbatim:

> GROUND ONE:    Under 2241(c)(3) Violation of Constitutional Rights Sixth Amendment and Fourteenth Amendment.
>
> Supporting Facts:   Petitioner does not allege that he is innocent of the drug conviction, Petitioner is innocent of the prior convictions and the sentence he received, used to enhance his sentence. Petitioner's Sixth and Fourteenth Amendment was violated. In part it causes the government to enhance Petitioner Criminal History Category. This is Constitutional not valid, Petitioner has true and certified documents to show violation of his Sixth and Fourteenth Amendment.

ECF No. 1 at 6-7.  Petitioner notes that he did not present this ground in the appeals that were available to him and contends that 28 U.S.C. § 2255 is inadequate or ineffective to challenge his sentence because he is "out of [his] one-year window to file a 2255 motion." *Id*. at 5-6.  Petitioner seeks to be re-sentenced under the "correct" criminal history category. *Id.* at 8.

    B.  Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Motions brought pursuant to Rule 12(b)(1) challenge whether the district court has jurisdiction over the action.  Fed. R. Civ. P. 12(b)(1).  The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack. *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction; the court analyzes a facial attack as it would a motion to dismiss under Rule 12(b)(6) such that "[t]he allegations in the complaint are taken as true, and materials outside the pleadings are not considered." *Id.* A factual attack challenges the truthfulness of the jurisdictional allegations in the complaint, *id.*, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside

the pleadings without converting the proceeding to one for summary judgment," *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.; Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir.1987). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Trentacosta*, 813 F.2d at 1558).

C.  Analysis

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

4

Respondent moves to dismiss Petitioner's case arguing that "Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective." ECF No. 24-1 at 9. Respondent contends that Petitioner cannot satisfy the savings clause of § 2255 because "Petitioner is challenging the legality of his sentence under the advisory guidelines" and the Fourth Circuit has not extended the savings clause to these type of claims. *Id.* at 10. Respondent also argues that Petitioner does not contend he is actually innocent of the drug conviction, but instead contends that his sentence should be vacated because his sentencing guidelines were miscalculated. *Id.* at 11. Respondent contends that claims of actual innocence of an enhanced sentence are not properly raised under § 2241. *Id.* at 11-12. Respondent finally argues that Petitioner's contention that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective because he is outside of his one-year window must fail because the Fourth Circuit has held that the remedy is not ineffective or inadequate because an individual is procedurally barred from filing a § 2255 motion. *Id.* at 12.

In response to these arguments, Petitioner argues that § 2255 is inadequate or unavailable to test the legality of his detention because:

A. Petitioner has had no previous opportunity to pursue these claims;
B. This proceeding is Petitioner's first "unobstructed procedural shot" at seeking relief for improper inclusion of uncounseled prior convictions in his criminal history score;
C. Petitioner has not yet had a fair opportunity to raise claims;
D. Petitioner is not raising non-justiciable claims, his claims are well grounded in law and fact; and
E. Petitioner did not become aware of his claims until in or during January, 2012, at which time he immediately filed his §2241 petition.

ECF No. 28 at 2.

The undersigned has reviewed the 28 U.S.C. § 2241 petition and Petitioner's arguments in response to Respondent's motion to dismiss and finds that Petitioner has failed

5

to establish that a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [his] detention." First, Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted is no longer criminal. Further, although Petitioner argues that "he exercised due diligence" and filed his § 2241 petition "within several months of discovering the grounds for relief," the undersigned finds that Petitioner could have raised his current sentence enhancement challenge on appeal or in his § 2255 proceedings. Further, Petitioner's argument that his § 2255 remedy is inadequate or ineffective because his "one year window to file a 2255 motion" has expired is without merit. The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d at 333; *In re Vial*, 115 F.3d at 1194 n. 5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective."). Finally, Petitioner's attack on the legality of his federal sentence based on enhancements he claims were void at the time his sentence was imposed is the type of challenge that must be brought under § 2255 in the sentencing court. *See Riddle v. Mitchell*, No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010)(finding that Petitioner's challenge to his career offender status on the grounds that he is actually innocent of a sentencing provision is not properly brought in a § 2241 petition); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Dec. 13, 2010)(dismissing § 2241 petition that asserted a claim of actual innocence of an enhanced sentence, but did not argue actual innocence of the underlying conviction). The undersigned finds that Petitioner fails to meet the *Jones* standard to show that § 2255 is inadequate or ineffective to test the legality of his

conviction, therefore his claims cannot be addressed under § 2241, and the undersigned recommends that his petition be dismissed.

In his response to Respondent's motion to dismiss, Petitioner notes that his prior § 2255 motion was dismissed on April 27, 2011, and explains that he would not object "to this proceeding being construed as a petition under § 2255." ECF No. 28 at 4.  The undersigned observes that Petitioner's prior § 2255 motion was based on different grounds for relief than stated in this § 2241 petition, and therefore Petitioner's claims would need to be brought in a second or successive § 2255 motion, which requires preauthorization from the Fourth Circuit. *See* 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3)(A). There is no indication in the record that Petitioner has requested authorization to file a second § 2255 motion based on his contention that his sentence is illegal because it was improperly enhanced with state court convictions. Accordingly, the undersigned recommends that Petitioner's request to construe this petition as a § 2255 motion be denied.

III.   Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, ECF No. 24, be granted and the petition dismissed.

IT IS SO RECOMMENDED.

April 19, 2013                                                                          Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**