IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jason Ward Norman, ) | C/A No. 5:12-cv-01158-RBH |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| John R. Owens, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2241 on May 1, 2012.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge West, which was issued on April 19, 2013. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion to dismiss the petition. The petitioner filed objections to the Report on May 6, 2013.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner entered a guilty plea in the Western District of North Carolina to conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine base. He was sentenced as a career offender to two concurrent terms of one hundred sixty-eight (168) months in prison. His direct appeal from the conviction was affirmed by the Fourth Circuit. *See United States v. Norman*, 395 Fed. Appx. 964 (4th Cir. 2010). In his appeal, Petitioner asserted that the district judge failed to address his arguments at sentencing[1] and failed to provide an individualized statement of how the factors in 18 U.S.C. § 3553(a) factors applied to his case. The Fourth Circuit found that the district court properly calculated the defendant's guideline range and explicitly considered the 3553(a) factors. However, because the court sentenced him to the lowest point in the applicable guidelines, it found that any error concerning application of the 3553 factors was harmless. In addition, the court found that the sentence was substantively reasonable.

On January 6, 2011, Petitioner filed a petition pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He alleged that counsel should have taken the position that three of his six prior

---

[1] At sentencing, the defendant contested the quantity of drugs that was attributed to him in the presentence report.

convictions should not have been given criminal history points because they occurred more than ten years before his involvement in the case. In an order dated April 27, 2011, United States District Judge Richard L. Voorhees dismissed the petition, holding that Petitioner failed to show deficient performance regarding counsel's handling of the court's sentencing calculations. He noted that, in addition to the substantive trafficking charge alleged under Count Four of the indictment, Petitioner also pled guilty to a conspiracy which began in January 2001 and continued until the time of the indictment, February of 2007. Also the presentence report, to which Petitioner stipulated, provided a factual basis for his guilty pleas, and Petitioner's testimony supported these findings. The court found that Petitioner was properly assessed criminal history points for each of his 1992, 1993, and 1994 convictions. Therefore, his claim of ineffective assistance of counsel was found to lack merit. No appeal was taken from this order.

Petitioner has now filed a petition under 28 U.S.C. § 2241 in which he again challenges the calculation of his criminal history points. This time, he alleges that he is actually innocent of certain prior convictions because they were uncounseled and that the use of those convictions to enhance his sentence violates the Sixth and Fourteenth Amendments. However, as noted by the Magistrate Judge, he has not shown that his remedy through a § 2255 motion was inadequate or ineffective. Therefore, this Court cannot entertain an action challenging the validity of the sentence. In addition, the Court cannot construe the petition as a Section 2255 petition because only the circuit court can authorize a successive petition.

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the

Magistrate Judge and this Court's review of the record, the Court adopts the Report of the Magistrate Judge and incorporates it into this Order by reference.

The government's Motion to Dismiss (ECF No. 24) is granted, and the [1] petition for writ of habeas corpus is dismissed.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 7, 2013
Florence, South Carolina